~~NAL!~~

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUL 21 PM 1: 02

CLERK _L. 7[illegible]_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JERMYIAN D. SHOCKLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 105-026 |
| ) | |
| CARL HUMPHREY, Warden, and ) | |
| THURBERT E. BAKER, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case was filed pursuant to 28 U.S.C. § 2254. The matter is now before the Court on the two motions to dismiss filed by Respondents Humphrey and Baker. (Doc. nos. 6 & 8). Upon prompting from the Court, Petitioner filed his opposition to the motion to dismiss his petition as untimely; he did not respond to the motion to dismiss Thurbert E. Baker. (Doc. nos. 10 & 11). For the reasons stated more fully below, the Court **FINDS** that Respondent Baker is not a proper party to these proceedings and that Petitioner's federal habeas corpus petition is time-barred by the applicable one-year statute of limitations. Accordingly, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that both motions to dismiss be **GRANTED**, that this civil action be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent Humphrey.

## I. BACKGROUND

On July 3, 1996, Petitioner, with the assistance of counsel, pleaded guilty in the Superior Court of Warren County to one count of burglary, one count of aggravated assault, and one count of theft by receiving stolen property.[1] (Resp't Ex. 4, p. 59). Petitioner was sentenced to two, concurrent twenty year terms of imprisonment for burglary and aggravated assault and to one consecutive term of five years of probation for theft by receiving stolen property. (Id. at 55-56, 59, 63).

Petitioner did not file a direct appeal, but on or about October 20, 2003, he filed a state habeas corpus petition. (Resp't Ex. 1, p. 1). In an order dated March 31, 2004 and entered on the docket in the Superior Court of Telfair County, Petitioner was denied state habeas relief. (Resp't Ex. 2). Petitioner then requested a certificate of probable cause to appeal from the Supreme Court of Georgia, but that request was denied in an order dated October 25, 2004. (Resp't Ex. 3). The instant federal habeas corpus petition, dated February 21, 2005 and filed by the Clerk of Court on February 24, 2005, followed.

## II. DISCUSSION

### A. Motion to Dismiss Improper Party

Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas

---

[1] Petitioner was originally charged in ten counts, including burglary, multiple counts of aggravated assault and false imprisonment, theft by receiving stolen property, and possession of a firearm during the commission of certain crimes. (Resp't Ex. 4, pp. 59-62). Once Petitioner pleaded guilty to the three charges outlined above, a *nolle prosequi* order was entered by the court on the remaining counts with which Petitioner had been charged.

2

petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, Warden Humphrey is the proper Respondent. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the Motion to Dismiss Thurbert E. Baker as an Improper Party be **GRANTED**. (Doc. no. 8).

**B. Motion to Dismiss Petition as Untimely**

**1. One-Year Statute of Limitations**

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## 2.  Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Thus, because Petitioner did not file an appeal, his conviction became "final" when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. As Petitioner pleaded guilty on July 3, 1996 to the charges forming the basis for the sentence he now challenges, his convictions became final on or about August 2, 1996. It is at this point that Petitioner's one-year statute of limitations began to run. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment

4

became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Thus, the Court turns its attention to the analysis of whether Petitioner filed his current federal petition within one year of August 2, 1996.

### 3. Application of the Statute of Limitations

The Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, by the time Petitioner filed his state habeas petition on or about October 20, 2003, the one-year statute of limitations for filing a federal petition had long-since expired. Therefore, this statutory tolling provision of the AEDPA is of no help to Petitioner because he did not commence state habeas proceedings until after the one-year period had expired for filing a federal habeas petition, and therefore, no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.")(citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA also describes three other situations which may delay or reset the one-year statute of limitations clock: where there is a newly discovered factual predicate for a petitioner's claim, where the State has created some "impediment" to filing the application, or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1). However, Petitioner's response to the motion to dismiss his petition does not offer any basis

5

upon which the Court can conclude that the AEDPA's statutory tolling provisions would apply.[2]

In sum, because the current petition was filed more than one year after Petitioner's conviction became final, and because Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, unless Petitioner raises a valid ground for equitable tolling or a valid claim of actual innocence, his petition is time-barred by the AEDPA's statute of limitations.

4.  **Equitable Tolling and Claims of Actual Innocence**

"Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (*per curiam*) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Nonetheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd*, 125 S. Ct. 1571, 1582 (U.S. 2005). Petitioner bears the burden of proving his entitlement to such equitable tolling. Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), *cert. denied*, 538 U.S. 947 (2003). Here, Plaintiff's only explanation for the timing of his filings makes little sense. He claims that he was aware that he had thirty days to appeal the ruling of the superior court but he also contends that he was unaware of the appeal process

---

[2]Nor does the Court glean any such argument from the petition or the memorandum filed in support of the petition. (Doc. nos. 1 & 4).

6

because his court appointed counsel did not contact him after sentencing. (Doc. no. 12, p. 1). Thus, he is apparently suggesting that even though he knew about the finite period for appealing, his convictions should not be deemed to be "final" when the thirty-day period passed without an appeal being filed because his attorney did not explain the concept of the "finality" to him.[3] (Id.). However, Petitioner's status as a layman does not excuse him, even if he was represented by counsel at one time, from exercising "his own due diligence in ascertaining the applicable limitations period" under the AEDPA. Helton, 259 F.3d at 1313 (mistake or misinformation from counsel does not qualify as extraordinary circumstance justifying equitable tolling of AEDPA statute of limitation).

In any event, Petitioner has not established that even if his attorney did not explain the appeal process, he exercised his own due diligence in ascertaining the applicable limitations deadline with respect to when his convictions became final. See id. Rather he seems to rely on a generic "ignorance is bliss" argument. That is, he claims that even though he was aware that he had thirty days to appeal, and even though he was aware that he had not heard from his attorney regarding an appeal (or any issue for that matter), he should be excused from having taken no action from August 2, 1996 until he commenced state habeas proceedings on October 20, 2003. An over six-year delay - explained by nothing more than a self-contradictory claim that Petitioner was "unaware" of the appeal process - does not fall within the narrow parameters of events that trigger equitable tolling. Thus, there is no basis for equitably tolling the AEDPA's statute of limitations.

---

[3]Petitioner does not argue that he ever actually asked his attorney to file an appeal. (See doc. no. 12, pp. 1-2).

7

The Court is aware that a claim of actual innocence may also warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). However, "[t]his exception is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). Petitioner's response to the motion to dismiss his petition does not provide any argument, let alone evidence, that suggests Petitioner can meet this stringent standard necessary to trigger the actual innocence exception.

In sum, Petitioner was not prohibited by government action from filing a federal habeas petition. Neither has he validly alleged that any new Supreme Court precedent applies retroactively to compel filing his petition, offered grounds that were not available immediately after sentencing in a timely collateral attack, nor presented any newly-discovered evidence. Likewise, he has alleged no extraordinary circumstance to justify equitable tolling, and he has failed to present any evidence to support a claim of actual innocence. As a result, the instant federal petition is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Motion to Dismiss Thurbert E. Baker as an Improper Party be **GRANTED**. Moreover, because the instant petition for a writ of habeas corpus is time-barred, the Court also **REPORTS** and **RECOMMENDS** that the Motion to Dismiss Petition as Untimely be

**GRANTED**, that this civil action be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent Humphrey.

SO REPORTED and RECOMMENDED this ___ day of July, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

SHOCKLEY )
_____ )
vs ) CASE NUMBER CV105-26
HUMPHREY, et al. ) DIVISION AUGUSTA
_____ )

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated _____, which is part of the official record of this case.

Date of Mailing: 7-21-05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: Jala H. Burton
Deputy Clerk

**Name and Address**

Jermyian D. Shockley, ███████████████████████████
Chad Eric Jacobs, Esq.
Paula K. Smith, Esq.

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate